**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RAY BLANCHARD II #39642-037    :

  Plaintiff       :

  v          :   Civil Action No. PJM-11-1477

ROD J. ROSENSTEIN     :
STEVEN M. DUNNE
PRINCE GEORGE'S COUNTY POLICE :
  AGENCY
            :
  Defendants

o0o

## MEMORANDUM OPINION

  On May 31, 2011, Ray Blanchard filed this civil complaint pursuant to 42 U.S.C. § 1983 seeking declaratory relief based on government misconduct that culminated in his conviction in *United States v. Ray Blanchard,* Criminal No. 07-0143 (D. Md.).[1]  Blanchard names the United States Attorney for the District of Maryland, an Assistant United States Attorney, and the Prince George's County police as defendants in his lawsuit.[2]

  This is not Blanchard's first attempt to overturn his conviction and sentence under the Civil Rights Act.  *See Blanchard v. United States District Court of Greenbelt, Maryland, et al.,* Civil Action No. RWT-09-1116 (D. Md.) (dismissed without prejudice on May 5, 2009).  In addition to seeking relief under the Civil Rights Act, Blanchard also has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 which remains pending.  *See Blanchard v. United States of America*, Civil Action No. PJM-11-847 (D. Md.).

---

[1] On November 14, 2008, a jury convicted Blanchard of  felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1).  Blanchard was sentenced on June 25, 2009, to 327 months imprisonment followed by five years supervision and a special assessment of $100.00.  Criminal No. PJM-07-0143, ECF Nos. 65 and  85.  The conviction and sentence were affirmed on appeal on August 17, 2010.  *Id.*, ECF No. 100.

[2] Blanchard has failed to pay the requisite civil filing fee or provide an indigency application.  He shall not be required to correct this deficiency.

Upon review of Blanchard's complaint, as required by 28 U.S.C. §1915A, it appears that his claim is based upon a criminal case for which a motion to vacate remains pending. The declaratory relief Blanchard seeks is unavailable to him at this time. *See Heck v. Humphrey*, 512 U. S. 477, 486– 87 (1994) (claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. §1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed).

Accordingly, this case will be dismissed without prejudice by separate order without requiring a response from Defendants.

_____
/s/<br>
PETER J. MESSITTE<br>
UNITED STATES DISTRICT JUDGE

June 8, 2011